**BARN CAFE & RESTAURANT, INC., Appellee, v. BOARD OF LIQUOR CONTROL, Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4637.   Decided January 24, 1952.

Robert N. Gorman, Cincinnati, Isadore Topper, Columbus, for appellee.

Hon. C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Brown W. Pettit, Asst. Attys. Genl., Columbus, for appellants.

## OPINION

By MILLER, J.

This is a motion submitted by Barn Cafe & Restaurant, Inc., Appellee, seeking an order dismissing the appeal for the reason that there is no statute or constitutional provision which authorizes the appellants to appeal to this Court to review the judgment made by the Court of Common Pleas of Franklin County, Ohio, in an appeal pursuant to §154-73 GC. The action is one involving the review of an order made by the Board of Liquor Control suspending the permit of the appellee for the alleged infraction of a rule of the Board of Liquor Control. The sole question raised by the motion is whether or not the Department of Liquor Control has the right to prosecute an appeal to the Court of Appeals from a judgment of the Court of Common Pleas of Franklin County, reversing, vacating or modifying an order of the Board of Liquor Control. All of counsel are in agreement that in order for the appellant, the Board of Liquor Control, to have the right of appeal it must be conferred upon it either by the Constitution or by statute.

It is further agreed that the Constitution is silent upon the proposition; therefore, the right, if it exists, must be found in the statute. The provisions for review of orders of the appellant herein are found in the Administrative Procedure Act, §154-61 et seq, GC. Sec. 154-73 GC, in so far as pertinent, reads:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * revoking or suspending a license, may appeal to the common pleas court of the county in which the place of business of the licensee is located or the county in which the licensee is a resident from the order of said agency, provided, however, that appeals from decisions of the board of liquor control shall be to the court of common pleas of Franklin County only. * * *"

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such other additional evidence as the court may have admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding by the court, it may reverse, vacate or modify the order or make such other ruling as, in its opinion, is supported by reliable, probative and substantial evidence and is in accordance with law. The decision of the court shall be final and conclusive unless reversed, vacated or modified on appeal."

It is further conceded by all of counsel that under the foregoing section of the General Code only the party adversely affected by the ruling of the Board would have the right of appeal to the Common Pleas Court, which in the instant case would be the licensee. This section contains no express provision giving the Board the right of appeal from the Common Pleas Court. Neither does it expressly give the licensee the same right of appeal, although it recognizes that an appeal may be had, the statute providing:

"The decision of the court shall be final and conclusive unless reversed, vacated or modified on appeal."

The same section of the Code defines the procedure and ensuing rights as follows:

"The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the statutes or other law applicable to such action."

Under the foregoing section it appears to us that the Legislature has declared that the proceedings in the Common Pleas Court shall be governd by the statutes or other laws applicable to civil actions. These laws with reference to appeals are found in §12223-1 et seq, GC, and confer upon the parties to a civil action the right of appeal. Therefore if governed by the same statute the appellant herein would have the right to appeal.

In the case of **Albers, Admr., v. Great Central Transport Corporation, 32 O. O. 201, at p. 203,** the Court stated:

"* * * that the Legislature did not intend the appeal to be a new action but a continuation of the action which was originally instituted by the issuance and service of summons on the filing of the petition."

Upon this theory the appellant herein merely continued the action which was instituted by the appellee. That the appellant was a party to the proceedings had in the Common Pleas Court with rights in the controversy is indicated by the afore-quoted portion of §154-73 GC which provides:

"* * * The court shall determine the rights of the parties in accordance with the statutes or other law applicable to such actions."

In the case of the City of Middletown, et al. v. City Commission of Middletown, et al., 138 Oh St 597, at pp. 603 and 604, Judge Zimmerman says:

"* * * the apparent legislative intent was to confer the right of appeal on such persons as are parties to an action."

The appellee cites the recent case of Minnis v. Board of Zoning Appeals, 89 Oh Ap 289, but which is not on all fours with the case at bar, since it involved the interpretation of §3180-14 GC and an interpretation of the Administrative Procedure Act was in no way related to the question there presented.

It is our conclusion that the Department of Liquor Control having been a party to the proceedings in the Court of Common Pleas with rights determinable in accordance with the laws applicable to civil actions, had a statutory right to prosecute this appeal. The motion will be overruled.

HORNBECK, PJ, WISEMAN, J, concur.